UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MOHAMED ABDALLA MAHMOUD,<br><br>                    Plaintiff,<br>    v.<br>TERRY ROYAL, et al.,<br><br>                    Defendants. | Case No. 3:25-cv-00674-ART-CLB<br><br>**ORDER** |

On November 24, 2025, Mohamed Abdalla Mahmoud, a pro se inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) Plaintiff has neither paid the full $405 filing fee for this matter nor filed an application to proceed in forma pauperis ("IFP"). (*See* ECF No. 1.)

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed in forma pauperis." LSR 1-1. For an inmate to apply for IFP status, the inmate must submit <u>all three</u> of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison official; and (3) a copy of the inmate's **prison trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. IFP status does not relieve inmates of their obligation to pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Accordingly, **IT IS ORDERED** that Plaintiff has until **January 26, 2026**, to <u>either</u> pay the full $405 filing fee <u>or</u> file a fully complete IFP application with all three required

documents: (1) a completed IFP application with the inmate's two signatures on page 3, (2) a financial certificate that is properly signed both by the inmate and prison official, and (3) a copy of the inmate's trust fund account statement for the previous six month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can address the matter of the filing fee.

The Clerk of Court is directed to send Plaintiff Mohamed Abdalla Mahmoud the approved IFP application for an inmate and instructions for the same, and to retain the complaint (ECF No. 1-1) but not file it at this time.

**IT IS SO ORDERED**.

**DATED**: November 26, 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**